```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JEROME EVERT GRIFFIN, SR.,**

                   **Plaintiff,**

      v.                                  CASE NO. 07-3090-SAC

**DAVIESS-DEKALB COUNTY REGIONAL JAIL,**

                   **Defendant.**

### O R D E R

This matter is before the court on a form civil complaint filed pro se by a prisoner confined in the Daviess-Dekalb County Regional Jail in Pattonsburg, Missouri.[1]

Plaintiff seeks unspecified relief on allegations of constitutional violations in the conditions of his confinement at the regional jail. The jail facility is the sole defendant named in the complaint. Because the United States District Court for the Western District of Missouri is the district where the defendant is located where all the alleged events took place, the court finds that judicial district is the appropriate forum for this civil action.

The Tenth Circuit Court of Appeals has recognized that

---

[1] The complaint names four additional plaintiffs, two of whom include a signature in the listing their names. Because Jerome Griffin was the sole plaintiff to submit a motion for leave to proceed without prepayment of the district court filing fee, the court treats the complaint as naming that party as the sole plaintiff in this action.

enactment of 28 U.S.C. § 1631 controls the process of transferring cases from one federal court to another due to lack of personal or subject matter jurisdiction.[2] *See* <u>Viernow v. Euripides Development Corp.</u>, 157 F.3d 785, 793 (10th Cir. 1998)(where transferor court notes that it lacks personal jurisdiction, the proper course of action is to transfer pursuant to § 1631)(*citing* <u>Ross v. Colorado Outward Bound School, Inc.</u>, 822 F.2d 1524, 1526-27 (10th Cir. 1987)).  In the present case, the court finds it would be in the interests of justice to have the Western District of Missouri conduct the screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and for that court to determine whether plaintiff should be granted leave to proceed in forma pauperis in this matter.

IT IS THEREFORE ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis for the limited purpose of transferring this action to an appropriate forum.

IT IS FURTHER ORDERED that this action is transferred to the United States District Court for the Western District of Missouri for all further proceedings.

**IT IS SO ORDERED.**

---

[2]Section 1631 provides in relevant part:
"Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

DATED:  This 8th day of May 2007 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge